UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO A. ALVAREZ,<br>　　　　　　Plaintiff,<br>　　　v.<br>Y. SIMMONS, et al.,<br>　　　　　　Defendants. | Case No. 18-cv-04267-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket No. 1 |

## I.　INTRODUCTION

Sergio A. Alvarez, an inmate at Pelican Bay State Prison, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.　BACKGROUND

The complaint alleges the following about the responses of medical staff at Pelican Bay State Prison to Mr. Alvarez's infections:

Mr. Alvarez "was incompetently misdiagnosed" by Dr. Adams on May 31, 2016, as having a dermatological disorder. Docket No. 1 at 6.

Mr. Alvarez submitted a health care request form on July 27, 2016, for an infection on his knee that was causing "severe pain." *Id.* Nurse Simmons failed to respond to his complaints of pain and denied him medical treatment.

On July 29, 2016, Mr. Alverez went to the correctional treatment center (CTC) when his knee infection worsened and he developed a fever. He was admitted to the CTC based on a misdiagnosis of cellulitis in his legs by Dr. Dorfman and nurse Meier. The next day, Mr. Alvarez developed another infection on the back of his left calf.

On September 1, 2016, Mr. Alvarez submitted a health care request form for a painful infection on his lower back. He was seen on September 2, 2016, by nurse Slusser, who failed to respond to his complaints of pain and denied him medical treatment.

On September 3, 2016, Mr. Alvarez submitted another request for care because his infection was larger and more painful. He was seen on September 4, 2016, by nurse Cantrell, who "evaluated Mr. Alvarez's condition as becoming worse." *Id.* at 8. Mr. Alvarez submitted another health care request form that day because his infection began to drain and was more painful.

On November 9, 2016, Mr. Alvarez submitted a health care request form for a pimple in his armpit that was causing him a lot of pain. He was seen by nurse Wood for evaluation the next day. "[A] phone call was placed to medical director Thomas, who for the first time mentions that Mr. Alvarez is a MRSA carrier and had a history of 8 MRSA infections over the past 1-2 years." *Id.* at 9.[1]

On November 13, 2016, Mr. Alvarez submitted a health care request form because the wound in his armpit began to drain. On November 27, 2016, Mr. Alvarez submitted a health care request form because he had developed another infection in the same armpit. On April 4 and 6, 2017, Mr. Alvarez submitted health care request forms for an infection on his right buttock. He does not allege that anyone did anything wrong in response to these requests.

On November 29, 2016, Mr. Alvarez was clinically diagnosed as a MRSA carrier.

---

[1] A medical record attached to the complaint casts some doubt on whether Mr. Alvarez had been diagnosed with MRSA or as a MRSA carrier. *See* Docket No. 1 at 65. That record shows that Laurie Thomas, a Physician's Assistant (not a medical director as the complaint alleges) made a note on November 10, 2016, that she received a phone call from a "yard RN" who was seeing Mr. Alvarez for an abscess and who stated "this patient has a history of approximately 8 MRSA infections over the past 1-2 years" and that he had recently been housed in the CTC for an "open MRSA infection. . . . Because this patient has a history of many MRSA infections and the current abscess appears as if it may be a cellulitis, we will place the patient on antibiotics." *Id.*

On that same page of the medical records, there is a separate note from Dr. Dorfman dated November 27, 2016. Dr. Dorfman wrote that he had received a call about Mr. Alvarez "who has a reported history of MRSA" but that he (Dorfman) had reviewed the electronic health record "and found no (+) MRSA cultures, searching back to 07/25/2011." *Id.*

### III. **DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must show: (1) a serious medical need, and (2) deliberate indifference thereto by a defendant. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* Deliberate indifference may be demonstrated when prison officials deny, delay or intentionally interfere with medical treatment, or it may be inferred from the way in which prison officials provide medical care. *See McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir. 1992) (finding that a delay of seven months in providing medical care during which a medical condition was left virtually untreated and plaintiff was forced to endure "unnecessary pain" sufficient to present colorable § 1983 claim), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*).

Negligence does not violate the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060; *see, e.g., Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming

3

from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); *McGuckin*, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights).

Although negligence does not amount to an Eighth Amendment violation, it is actionable under state law. Under California law, "[t]he elements of a cause of action for negligence are well established. They are (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (Cal. 1996) (citations and internal quotation marks omitted).

Liberally construed, the complaint states cognizable claims against nurse Simmons and nurse Slusser for deliberate indifference to Mr. Alvarez's medical needs. Nurse Simmons allegedly failed to respond to Mr. Alvarez's complaints of pain and "denied to provide him with medical treatment" on July 28, 2016. Docket No. 1 at 6. Nurse Slusser allegedly failed to respond to Mr. Alvarez's complaints of pain and "denied to provide him with medical treatment" on September 2, 2016. *Id.* at 7-8. The medical records attached to the complaint appear to indicate that Mr. Alvarez was not given any medications on either of these days by these nurses. *See* Docket No. 1 at 18, 52.

Even with liberal construction, the complaint does not state a claim against any other Defendant for an Eighth Amendment violation based on deliberate indifference to Mr. Alvarez's medical needs. Other than nurse Simmons and nurse Slusser – who allegedly knew of Mr. Alvarez's pain and infection and denied treatment -- none of the Defendants are alleged to have acted with the deliberate indifference necessary to amount to an Eighth Amendment violation. The medical records attached to the complaint do not appear to show a denial of treatment by any of the Defendants other than nurse Simmons and nurse Slusser. The allegation that Defendants' "unified deliberate indifference," Docket No. 1 at 6, caused harm to Mr. Alvarez is a mere conclusion and does not state a plausible claim that any Defendants acted with deliberate indifference. Leave to amend is granted so that Mr. Alvarez may attempt to allege facts suggesting that Defendants other than nurses Simmons and Slusser acted with deliberate

4

indifference to his serious medical needs, if he wishes to pursue an Eighth Amendment claim against any Defendants in addition to nurse Simmons and nurse Slusser.

Liberally construed, the complaint states a state law claim for negligence against nurse Simmons, nurse Slusser, Dr. Adams, nurse Meier, and Dr. Dorfman based on their allegedly deficient responses to Mr. Alvarez's recurring infections.

Even with liberal construction, the complaint does not state any claim against nurse Cantrell, nurse Wood or P.A. Thomas. Nurse Cantrell's only alleged involvement was evaluating Mr. Alvarez's condition as worsening on September 4, 2016. Nurse Wood's only alleged involvement was evaluating Mr. Alvarez on November 10, 2016. Physician's assistant Thomas's only alleged involvement was evaluating Mr. Alvarez on November 10, 2016.

Finally, Mr. Alvarez alleges that his right to equal protection was violated. "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and internal quotation marks omitted). The complaint has no allegations even remotely suggestive of an equal protection violation. Even with liberal construction, the complaint does not state a claim for a violation of Mr. Alvarez's right to equal protection because no *facts* are alleged to suggest that any Defendant acted with a discriminatory purpose and that any Defendant's actions had a discriminatory effect. The equal protection claim is dismissed with leave to amend.

## IV.     CONCLUSION

The complaint is dismissed with leave to amend. Mr. Alvarez must file an amended complaint that complies with the directions in this order no later than **January 25, 2019**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Alvarez is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.")

5

If Mr. Alvarez does not file an amended complaint by the deadline, the action will go forward with only the claims found cognizable in this order. That is, the action will proceed with the Eighth Amendment claims against nurse Simmons and nurse Slusser, and the state law negligence claims against nurse Simmons, nurse Slusser, Dr. Adams, nurse Meier, and Dr. Dorfman.

**IT IS SO ORDERED**.

Dated: December 17, 2018

_____
EDWARD M. CHEN
United States District Judge