1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6
7 SERGIO A. ALVAREZ,

Plaintiff,

v.

Y. SIMMONS, et al.,

Defendants.

Case No. 18-cv-04267-EMC

**ORDER EXTENDING DEADLINES AND REGARDING SERVICE ON DEFENDANT DORFMAN**

Docket No. 22

Plaintiff's request for a 60-day extension of the deadline to file his opposition to Defendants' motion for summary judgment is **GRANTED**. Docket No. 22. The Court now sets the following new briefing schedule: Plaintiff must file and serve his opposition to the motion for summary judgment no later than **March 13, 2020**. *No further extensions of this deadline should be expected.* Defendants must file and serve their reply, if any, no later than **March 27, 2020**. There will not be a hearing on the motion because the motion will be decided on the papers filed by the parties.

The Court ordered service of process on five Defendants, only four of whom have appeared. Dr. A. Dorfman has not yet been served or appeared in this action. After attempting service of process, the U.S. Marshal filed a "process receipt and return" form stating that Dr. Dorfman could not be served based on the information provided. Docket No. 18. Specifically, the Marshal reported: "according to PBSP, they attempted contacting defendant several times. Cannot locate him." *Id.* In response to the Court's inquiry, counsel for the other four Defendants reported that Dr. Dorfman was no longer employed by the State of California, and that the State was not authorized to accept service on behalf of Dr. Dorfman and had not been retained to represent him. Docket No. 19.

"If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Where a prisoner is proceeding *in forma pauperis* and must rely on the Marshal for service of process, "[s]o long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service 'is automatically good cause' for not effectuating timely service.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see e.g., id.* (district court did not err in dismissing defendant where plaintiff "did not prove that he provided the marshal with sufficient information to serve" this particular defendant or that he requested service).

Service of process has not occurred within ninety days of the date the court ordered service of process on Dr. Dorfman. Although it is the Marshal's duty to serve process when a prisoner-plaintiff is proceeding as a pauper, the Marshal's ability to do so depends on a plaintiff providing sufficient information about a defendant for the Marshal to find the defendant to serve him or her. Accordingly, no later than **March 6, 2020**, Plaintiff must provide a current address at which Defendant Dr. Dorfman may be served with process. It is Plaintiff's obligation, not the Court's, to gather this information. In the alternative to providing the information, Plaintiff must show cause by that same deadline why he has not provided the information needed to locate Dr. Dorfman and serve process on him. If Plaintiff fails to provide sufficient information to enable service of process to be accomplished on Dr. Dorfman, Dr. Dorfman will be dismissed without prejudice unless Plaintiff shows cause for his failure to provide the information.

**IT IS SO ORDERED**.

Dated: January 17, 2020

EDWARD M. CHEN
United States District Judge

2